UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

DAVID WALLACE,

        Plaintiff,

vs.

CAREFREE SHADOWWOOD LLC

        Defendant

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## (INJUNCTIVE RELIEF SOUGHT)

COME NOW Plaintiff DAVID WALLACE by and through undersigned counsel, and sue the Defendant, CAREFREE SHADOWWOOD LLC and states as follows:

## I.  NATURE OF THE ACTION

1.  This is a civil action brought pursuant to the federal Fair Housing Act ["FHA"], 42 U.S.C. §§ 3601, *et seq.*, and 42 U.S.C. § 1982 for damages and injuries arising from the Defendant's unlawful discrimination against Plaintiff DAVID WALLACE, a person with disabilities. The Defendant CAREFREE SHADOWWOOD LLC violated

1

the FHA by making a dwelling unavailable because of DAVID WALLACE's disability related need to live with his assistance animal for emotional support and failing to grant him a reasonable accommodation.

## II. PARTIES

2.     Plaintiff DAVID WALLACE, a resident and citizen of Sarasota County, Florida, is an individual with disabilities that qualify him for the protections of the FHA.

3.     WALLACE resides at 3901 Bahia Vista Street, Lot No. 10, Sarasota, Florida 34232 in the "Bahia Vista Estates" community.

4.     Defendant CAREFREE SHADOWWOOD LLC [hereafter "SHADOWWOOD"] is a foreign limited liability corporation whose principal and primary mailing addresses are 27777 Franklin Road, Suite 200, Southfield, MI 40834.

5.     SHADOWWOD owns real property located at 3901 Bahia Vista Street, Sarasota, Florida 34232

6.     SHADOWWOOD sets, approves and enforces the policies, rules, regulations and practices for the Bahia Vista Estates community.

7.     The lots within the Bahia Vista Estates community are "dwellings" within the meaning of 42 U.S.C. § 3602(b) of the FHA.

8.     SHADOWWOOD is subject to the anti-discrimination provisions of the FHA.

## III.  JURISDICTION AND VENUE

9.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § §§ 3601, *et seq.*, and 42 U.S.C. § 3613.

10.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because the parties reside in this District and the events giving rise to the Plaintiff's claims arose in Sarasota County which is within the Tampa Division of the Middle District of Florida.

11.    All conditions precedent to the bringing of this action by Plaintiff have occurred, or their performance has been waived by Defendant.

## IV.  FACTUAL ALLEGATIONS

12.    At all times material hereto, WALLACE suffered from, had a history of suffering from and still suffers from mental impairments that substantially limit one or more of his major life activities, including depression and serious emotional disturbance. Accordingly, WALLACE has a "handicap" pursuant to 42 U.S.C. § 3602(h), FHA.

13.    WALLACE relies upon an assistance animal, a small mixed breed dog named "Zena."

14.    Zena weighs approximately 15 lbs.

15.    Zena assists WALLACE in coping with his disabilities by providing companionship and emotional support that helps ameliorate the symptoms of WALLACE's disability.

16.    Zena is not a pet.

17.    WALLACE moved to Bahia Vista Estates in 2015.

18.    In April of 2022 Zena was attacked and injured by an unleashed dog within the community.

19.    The dog that attacked Zena was owned by Allison Smith.

20.    Allison Smith was directed by SHADOWWOOD to rehome her dog.

21.    Allison Smith has not reimbursed WALLACE for the expenses he incurred in providing veterinary care to Zena after Zena was injured by Allison Smith's dog.

22.    Tensions between Allison Smith and WALLACE developed because Allison Smith had to rehome her dog and because of the unreimbursed veterinary expenses.

23.    On August 19, 2022, WALLACE had an argument with Allison Smith regarding the veterinary expenses.

24.    AS the exchange became very heated, WALLACE accidently dropped Zena's leash, and Zena and a another, different dog belonging to Allison Smith had an altercation.

25.    Allison Smith was scratched by one of the two dogs while attempting to separate the dogs.

26.    Allison Smith's scratch required no medical attention.

27.    On August 31, 2022 WALLACE was sent a Statutory Notice to Cure demanding that WALLACE remove Zena within 7 days.

28.    At no time did anyone associated with SHADOWWOOD interview WALLACE to obtain his side of the story regarding the August 19, 2022, incident.

29.    At no time did anyone associated with SHADOWWOOD interview George Fiala, a SHADOWWOOD resident that observed the August 19, 2022 altercation between the two dogs.

30.    Despite being aware of Zena's status as an emotional support animal, SHADOWWOOD did not conduct an individual evaluation regarding whether ZENA poses a direct threat to other residents or their property.

31.    Assuming arguendo that Zena actually poses any threat to other residents and/or their pets, despite being aware of Zena's

status as an emotional support animal, SHADOWWOOD did not explore whether there were measures such as muzzling Zena or designating an alternative walking area that could be taken to allow WALLACE to remain in the Bahia Vista Estates community with ZENA.

32.  On or about September 1, 2022 WALLACE's brother Jack Wallace sent a letter to Defendant asking that ZENA be allowed to stay and reiterating that Zena is an emotional support animal for WALLACE, and pointing out that Zena was walked in the neighborhood on a daily basis without incident for years. Jack Wallace also informed SHADOWWOOD that Zena would be kept exclusively on WALLACE's property in the future. Jack Wallace's letter is marked, attached hereto and incorporated by reference as Exhibit A.

33.  Jack Wallace also indicated in his correspondence that WALLACE was devastated at the prospect of losing Zena and in the future would not go anyplace near Allison Smith's property and would avoid her at all costs.

34.    Jack Wallace's letter thanked Defendant in advance for its consideration and provided his phone number in case Defendant wished to discuss the matter with him further.

35.    SHADOWWOOD did not respond to Jack Wallace's request that Zena be allowed to remain at SHADOWWOOD as WALLACE's emotional support animal.

36.    On September 19, 2022 WALLACE was hospitalized and Zena was removed from Bahia Vista Estates.

37.    As of the date of this filing Zena is not residing at Bahia Vista Estates.

38.    Nonetheless, on or about September 30, 2022 SHADOWWOOD caused a Statutory Thirty (30) Day Notice to Vacate posted on WALLACE's dwelling informing WALLACE that his lease is terminated and he has 30 days to vacate his home.

39.    At all times relevant to this Complaint, SHADOWWOOD had actual knowledge of WALLACE's disability and his need to reside with Zena for disability-related support.

40.    SHADOWWOOD never evaluated, nor made any effort to evaluate, whether Zena truly posed a substantial threat to other residents and/or their pets, and, if she did, whether any such risk

could be effectively managed so that WALLACE would not be forced to choose between his home and the assistance animal WALLACE needs to manage the symptoms of his disabilities.

41.   SHADOWWOOD made WALLACE's dwelling in Bahia Vista Estates unavailable to him by forcing him to chose between his home and his assistance animal and serving WALLACE a Statutory Thirty (30) Day Notice to Vacate.

42.   WALLACE   has   been   injured   by   SHADOWWOOD's discriminatory housing practices and therefore WALLACE is an "aggrieved person" pursuant to 42 U.S.C. § 3602(i), FHA.

43.   Plaintiff has retained undersigned counsel and is obligated to pay a reasonable fee for her services.

44.   As a direct and proximate result of SHADOWWOOD's conduct, WALLACE has incurred and continues to incur attorney's fees, and has suffered and continues to suffer irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of his right to equal housing opportunities regardless of disability.

## V. CAUSES OF ACTION

### COUNT I

## MAKING A DWELLING UNAVAILABLE BECAUSE OF HANDICAP

45.    WALLACE re-alleges and incorporate by reference Paragraphs 1-44 as if fully set forth herein.

46.    WALLACE requires the ability to live with his emotional support animal, Zena, in order to have the same opportunity to enjoy his dwelling at Bahia Vista Estates as any non-disabled resident.

47.    Zena does not pose a significant threat to other residents of Bahia Vista Estates or their property.

48.    SHADOWWOOD, fully knowing of WALLACE'S disability-related need to live with Zena, nonetheless commanded WALLACE to remove his assistance animal, and subsequently served WALLACE an eviction notice based solely upon Zena's presence.

49.    SHADOWWOOD failed to make an individual assessment of WALLACE's assistance animal to determine whether Zena truly posed a significant threat, much less any threat.

50.    SHADOWWOOD failed to explore less drastic alternatives than removing the Zena from the community.

51.    The foregoing conduct and acts of SHADOWWOOD constitute discrimination against a person with a disability in

violation of 42 U.S.C. § 3604(f)(1)(A), FHA, by making a dwelling unavailable because of a handicap.

52.   As a result of the SHADOWWOOD's conduct, WALLACE has suffered damages.

53.   The discriminatory conduct and/or actions of SHADOWWOOD were intentional, willful, and taken in blatant disregard for WALLACE's rights.

**WHEREFORE**, Plaintiff DAVID WALLACE demands a judgment against CAREFREE SHADOWWOOD LLC declaring that the actions of Defendant CAREFREE SHADOWWOOD LLC violated the FHA by discriminating against a person with disabilities and awarding Plaintiff DAVID WALLACE compensatory and punitive damages, and his attorney's fees and costs, as well as any other such relief as this Court deems just and equitable.

## COUNT II
## FAILURE TO ACCOMMODATE

54.   WALLACE re-alleges and incorporate by reference Paragraphs 1-44 as if fully set forth herein.

55.     The FHA places an affirmative duty on housing providers to "to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. §3604(f)(3)(B).

56.     WALLACE requires the ability to live with his emotional support animal, Zena, in order to have the same opportunity to enjoy his dwelling at Bahia Vista Estates as any non-disabled resident.

57.     WALLACE's brother Jack Wallace asked SHADOWWOOD to reconsider the demand that WALLACE remove his emotional support animal.

58.     Jack Wallace proposed mitigative measures that would ensure there were no future encounters between Allison Smith and WALLACE or Zena and Allison Smith's dog, including restricting Zena exclusively to WALLACE's property.

59.     SHADOWWOOD did not acknowledge Jack Wallace's request that SHADOWWOOD reconsider the edict that Zena be removed from SHADOWWOOD in order to accommodate WALLACE's disability.

60.    SHADOWWOOD had actual knowledge of WALLACE's disability and disability related need to reside with ZENA for emotional support.

61.    SHADOWWOOD had a legal obligation to meaningfully review the request that WALLACE's disability-related need to live with his assistance animal ZENA be accommodated.

62.    SHADOWWOOD made no effort to engage in a good faith dialogue with WALLACE or his brother Jack Wallace regarding WALLACE's request for reasonable accommodation.

63.    Accommodating WALLACE'S need to reside with his assistance animal would not pose an undue financial or administrative burden on SHADOWWOOD.

64.    Accommodating WALLACE's need to reside with his assistance animal would not fundamentally alter the nature of SHADOWWOOD'S operations.

65.    SHADOWWOOD'S actions and conduct constitute a conscious and reckless disregard for WALLACE's rights and show total indifference for his disability.

66.    The foregoing conduct and acts of Defendant constitute discrimination against a person with a disability in violation of 42

U.S.C.§ 3604(f)(3)(B), FHA, by failing to and/or by refusing to make reasonable accommodations in its rules, policies, practices, or services, when such accommodations are necessary to afford WALLACE an equal opportunity to use and enjoy his dwelling.

67.     As a result of the SHADOWWOOD'S conduct, WALLACE has suffered damages.

68.     The discriminatory conduct and actions of SHADOWWOOD were intentional, willful, and taken in blatant disregard for WALLACE'S rights.

69.     As a direct and proximate result of SHADOWWOOD'S failure to accommodate, WALLACE has suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of his right to equal housing opportunities regardless of disability.

**WHEREFORE**, Plaintiff, DAVID WALLACE, demands judgment against Defendant, CAREFREE SHADOWWOOD LLC declaring that the actions of violated, inter alia, the FHA by discriminating against a person with a disability, and awarding Plaintiff compensatory and punitive damages and his attorneys' fees and costs, as well as any other such relief as this Court deems just and equitable.

## VI.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff DAVID WALLACE demands judgment against Defendant CAREFREE SHADOWWOOD LLC, which:

a) declares that CAREFREE SHADOWWOOD LLC's actions violated the FHA by discriminating against a person with disabilities;

b) enjoins CAREFREE SHADOWWOOD LLC from discriminating against WALLACE by evicting him or forcing removal of his assistance animal from his home;

c) awards WALLACE compensatory damages as would fully compensate him for CAREFREE SHADOWWOOD LLC's discriminatory conduct;

d) awards WALLACE his attorney's costs and fees incurred in bringing this action to enforce the FHA;

e) awards WALLACE punitive damages sufficient to punish Defendant CAREFREE SHADOWWOOD LLC for its actions that were willful, wanton, and malicious, or in reckless disregard for WALLACE's rights; and

f) grants any other such relief as this Court deems just and

equitable.

## VII.  DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issues so triable.

Respectfully submitted this 11th day of October, 2022.

/s/ Marcy I. LaHart, Esq.
Florida Bar No. 0967009
Marcy@floridaanimallawyer.com
MARCY I. LAHART, P.A.
249 SE Tuscawilla Road
Micanopy, FL 32667
(352) 545-7001
Counsel for Plaintiff David Wallace